UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FREEDOM HOLDINGS, INC., d/b/a, NORTH    :
AMERICAN TRADING COMPANY, and          :
INTERNATIONAL TOBACCO PARTNERS,        :
LTD.,                                  :
                          Plaintiffs,  :
                                       :          **ORDER**
              -against-                :
                                       :
ELIOT SPITZER, in his official capacity as      :
Attorney General of the State of New York, and  :
ARTHUR J. ROTH, in his official capacity as     :
Commissioner of Taxation and Finance of the     :
State of New York,                     :          02 Civ. 2939 (AKH)
                                       :
                          Defendants.  :
-----------------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs move to amend and supplement their complaint by seeking leave to file a

second supplemental and amended complaint, which is essentially a third amended complaint. They

support their motion by stating their desire to add a claim based on the theory of the dormant

Commerce Clause, most recently the subject of a ruling by the Court of Appeals in Grand River

Enters. Six Nations v. Pryor, 425 F.3d 158 (2d Cir. 2005). Plaintiffs present the amendment as limited

to the addition of a dormant commerce clause cause of action which alleges no new facts and requires

no additional discovery.

        By Order dated December 28, 2005, I denied Plaintiff's motion with leave to renew on

specific conditions. Specifically, I granted Plaintiffs leave "to propose amending allegations, each to

be accompanied by representations as to precisely what additional discovery will be required and

which additional specific witnesses will be required to testify, in depositions or at trial, to support such

amending allegations." Amended allegations were limited to claims based on the dormant Commerce

Clause "unless specifically justified to cure earlier deficiencies."

Plaintiffs submitted a Proposed Revised Second Supplemental and Amended Complaint, with a "red-lined" version of changes attached. A new claim for relief is proposed to state a claim under the dormant Commerce Clause, and leave for Plaintiff to do that is granted. However, the proposed new pleading seeks to make many more amendments that change or modify or add to the prior factual allegations. Each change would require new denials and admissions, and give rise to potential additional discovery. Plaintiff does not justify a need for such amendments, and leave is therefore denied. No new discovery shall be granted, except to the extent that Defendants request, and show need for, additional discovery relevant only to the dormant Commerce Clause issues.

Plaintiff shall file and serve an amended complaint conforming to this ruling by February 10, 2006.

In addition, by joint letter dated February 3, 2006, the parties request a ruling as to Plaintiffs' request for a discovery extension for the purpose of taking the testimony of third party witnesses. At a conference held October 28, 2005, the parties and the Court set December 31, 2005 as the discovery bar date, after several earlier enlargements. Plaintiffs' belated request for additional depositions is untimely, inconsistent with prior motions for summary judgment, and intentions to move for summary judgment promptly hereafter, and in the context of the appropriateness of setting an early date for trial. Plaintiffs' request is denied.

The parties shall appear for a conference to be held February 15, 2006 at 10:00 am, to discuss any need by Defendants for discovery limited to Plaintiffs' new claim under the dormant Commerce Clause, to set a trial date, or, alternatively, to fix a briefing schedule for motions for summary judgment.

SO ORDERED.

Dated:      New York, New York
          February _____, 2006

ALVIN K. HELLERSTEIN
United States District Judge

2